IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2017 JUN 12  A 10: 20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TIMOTHY WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV-2017- |
| | ) 1:17-cv-374 |
| CITY OF ELBA (CITY OF ELBA RECREATION DEPARTMENT), RICKY MULARZ, in his individual capacity, and Troy Cablevision, Inc. | ) ) ) ) |
| | ) JURY ) DEMAND |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, TIMOTHY WILLIAMS ("WILLIAMS"), and files this Complaint to be answered by the Defendant pursuant to the Federal Rules of Civil Procedure.

### I.   JURISDICTION

1.  The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1343(3) (depravation of constitutional or federal statutory right) and 28 U.S.C. 1331 (federal question).

2. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of right secured by 42 U.S.C. 1981 providing for relief against racial discrimination, and retaliation.

3. The jurisdiction is further invoked by 42 U.S.C. 1983 providing relief for violations of federal constitutional or statutory rights.

4. The jurisdiction is also invoked by 42 U.S.C. 2000(e) *et. seq.*

5. There are no statutory prerequisites to either 42 U.S.C. 1981 or 42 U.S.C. 1983.

6. The Plaintiff timely filed his right to sue against Troy Cablevision, Inc. (See Exhibit A).

7. The Plaintiff timely files this suit within receipt of his Right to Sue letter against Troy Cablevision, Inc.

8. Troy Cablevision, Inc. employs more than 15 people.

II. **PARTIES**

9. The plaintiff, Williams, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Middle District of Alabama, Southern Division.

10. The defendant, the City of Elba (City of Elba Recreation Department) ("the City"), is an entity subject to suit und 42 U.S.C. 1981, is a

person acting under color of state law subject to suit under 42 U.S.C. 1983, and is located within the Middle District of Alabama, Southern Division.

11. The defendant, Ricky Mularz ("Mularz") is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama, within the Middle District of Alabama, Southern Division.

12. The defendant, Mularz, at all material times hereto, is employed with the City of Elba, as Director of the City of Elba Department of Recreation.

13. The defendant, Troy Cablevision, Inc. is an entity subject to suit under 42 U.S.C. 2000(e) *et. seq.* and is located within the Middle District of Alabama, Southern Division.

### III. FACTUAL ALLEGATIONS

14. The City of Elba is a municipality, incorporated, organized and existing pursuant to the laws of the State of Alabama, and operates the City of Elba Recreation Department.

15. Williams is African American.

16. Williams developed, implemented and lead a summer youth program at the City of Elba Recreation Department.

17. Williams received $10.00 per hour for his position as leader of the summer youth program at the City of Elba Recreation Department.

18. The children who attend the summer youth program are also African American.

19. On or about June 12, 2015, the defendant, Murlarz referenced the children who attended the program and Williams as "monkeys in the zoo".

20. The comment made by Mularz enraged many of the parents of the summer youth program.

21. These parents complained to Williams about the statement made by Mularz.

22. On August 12, 2015, Williams and the parents of the youth filed a claim against the City and Mularz, alleging racial discrimination.

23. On August 13, 2015, Williams received notice of a denial of the claim.

24. After the complaint, the City and Mularz appeared at Williams' place of employment, Troy Cable, and notified Williams

supervisor of the race discrimination complaint against the City and Mularz.

25. After the complaint, on or around September 3, 2015, Williams attempted to upload some work onto his computer at Troy Cable, and was unable to do so.

26. On or around September 3, 2015, Williams' supervisor, Steve Camp, told him the City didn't want him anymore at Troy Cable anymore because of his race discrimination complaint and terminated his employment.

27. Steve Camp stated during a staff meeting Williams was terminated for filing a race discrimination complaint against the City.

28. On September 4, 2015, Williams received a certified letter from Jake Cowen (white male) wherein Cowan claimed Williams voluntarily resigned, which was false.

29. After the complaint, the City and Mularz contacted the High School Association and the school superintendent to complain that Williams was filming the football games to be aired on local access television, sought to end his agreement to film the football games for which he was paid.

30. After the complaint, the City and Mularz contacted the school in attempt to have the school discontinue employment of Williams as a bus driver.

31. The following summer, 2016, the City and Mularz terminated Williams' employment leading the summer youth program that he developed, implemented, and led.

32. The City and Mularz did not post the position or take applications.

33. The City and Mularz placed another person who had not complained of discrimination in the position to lead the summer youth camp.

34. Troy Cable only hired black employees part time preventing black employees from being eligible for benefits, but offered white employees full time positions giving these employees the opportunity to receive benefits.

35. The EEOC made a finding that there was probable cause Troy Cable's termination of Williams was based on race.

## IV. CLAIMS

### COUNT I-RETALIATION-42 U.S.C. 1981

36. The Plaintiff adopts and re-asserts each and every allegation contained in paragraphs 1-35 as if fully set out herein.

37. Williams engaged in a statutorily protected activity when he filed a claim against the City and Mularz for racial discrimination.

38. The City retaliated against Williams when it terminated Williams' employment leading the summer camp he created and lead in previous years.

39. The City retaliated against Williams when it interfered with Williams' primary and secondary jobs as well, getting him terminated from employment at Troy Cable, and losing the ability to film high school football games for pay.

40. The City retaliated against Williams when it attempted to get Williams terminated from his employment driving the school bus.

41. The fact that Williams had previously complained of racial discrimination against the City is the reason for the City's decision not to continue Williams' employment, and to interfere with his other employment.

42. As a proximate result of the City's conduct, Williams suffered the following damages: compensatory damages including but not limited to: lost wages (front and back), lost career, lost benefits, lost seniority, out of pocket expenses; emotional distress including, but not limited to: damage to

image in the community, damage to career in the community, embarrassment, humiliation, stress, anger, financial difficulty, fear of further retaliation and fear of ability to support family.

## COUNT II- 42 U.S.C. 1983

43.     The Plaintiff adopts and re-asserts each and every allegation contained in paragraphs 1-42 as if fully set out herein.

44.     The City and Mularz subjected Williams to conduct that occurred under color of state law.

45.     The City and Mularz's conduct deprived Willliams of rights, privileges or immunities guarantee under federal law or the U.S. Constitution including, but not limited to, the right against unlawful racial discriminatory treatment and equal protection under the law by Fourteenth Amendment, and Fifth and Fourteenth Amendment due process clauses acting as safeguards from arbitrary denial of life, liberty and property.

46.     The City and Mularz's conduct complained of herein was in accordance with a policy, custom, and practices of race discrimination and racial profiling of African Americans.

47.     The City and Mularz's disparaging comments directed at the minor children and Williams on or about June 12, 2015, was solely the product of racial profiling.

48.	The City and Mularz's decision to terminate Williams' employment, and interfere with his other employment causing further adverse employment actions after the federally protected complaint of discrimination also violate the Fifth and Fourteenth Amendments to the Constitution.

49.	The actions of the City and of Mularz violate clearly established law.

50.	As a proximate result of the City and Mularz's conduct, Williams suffered the following damages: compensatory damages including but not limited to: lost wages (front and back), lost career, lost benefits, lost seniority, out of pocket expenses; emotional distress including, but not limited to: damage to image in the community, damage to career in the community, embarrassment, humiliation, stress, anger, financial difficulty, fear of further retaliation and fear of ability to support family.

### COUNT III-RACE DISCRIMINATION-DISCRIMINATORY DISCHARGE and/or RETALIATION
### 42 U.S.C. 2000(e) et. seq.

51.	The Plaintiff adopts and re-asserts each and every allegation contained in paragraphs 1-50 as if fully set out herein.

52.	Williams engaged in a statutorily protected activity when he filed a claim against the City and Mularz for racial discrimination.

53. Williams' supervisor, Steve Camp, was advised of said complaint against the City of Elba.

54. Troy Cablevision, Inc. terminated William's employment, because he filed a race based complaint against the City of Elba.

54. Troy Cablevision, Inc. falsified its reason for terminating Williams.

55. As a proximate result of the Troy Cablevision, Inc.'s conduct, Williams suffered the following damages: compensatory damages including but not limited to: lost wages (front and back), lost career, lost benefits, lost seniority, out of pocket expenses; emotional distress including, but not limited to: damage to image in the community, damage to career in the community, embarrassment, humiliation, stress, anger, financial difficulty, fear of further retaliation and fear of ability to support family, and is seeking punitive damages against Troy Cablevision, Inc.

## COUNT IV-RACE DISCRIMINATION-DISPARATE TREATMENT-
## 42 U.S.C. 2000(e) et. seq.

56. The Plaintiff adopts and re-asserts each and every allegation contained in paragraphs 1- 55 as if fully set out herein.

57. Troy Cablevision, Inc. treated similarly situated, white comparator's different from black employees by giving all the white

employees full-time positions, where they were eligible for benefits and additional wages, when it only hired black employees part-time.

58. As a proximate result of the Troy Cablevision, Inc.'s conduct, Williams suffered the following damages: compensatory damages including but not limited to: lost wages (front and back), lost career, lost benefits, lost seniority, out of pocket expenses; emotional distress including, but not limited to: damage to image in the community, damage to career in the community, embarrassment, humiliation, stress, anger, financial difficulty, fear of further retaliation and fear of ability to support family, and he is seeking punitive damages against Troy Cablevision, Inc.

## V. DAMAGES

59. Williams suffered the following damages: compensatory damages including but not limited to: lost wages (front and back), lost career, lost benefits, lost seniority, out of pocket expenses; emotional distress including, but not limited to: damage to image in the community, damage to career in the community, embarrassment, humiliation, stress, anger, financial difficulty, fear of further retaliation and fear of ability to support family.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

60. Enter an Order requiring the defendant to make the plaintiff whole by awarding him, lost wages (plus interest), compensatory and punitive damages, loss of benefits, including retirement, pension, seniority, and other benefits of employment. The Plaintiff is further seeking injunctive relief and his position back at Troy Cablevision, Inc. and the City of Elba Recreation Department as the leader of the summer youth group.

61. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully Submitted,

s/ Patricia A. Gill
Patricia A. Gill
GIL047
Attorney for Plaintiff

OF COUNSEL:
PATRICIA A. GILL, P.C.
PO Box 55304
Birmingham, AL 35255
Phone : (205) 307-9555

Facsimile: (205) 930-9809
E-Mail: patriciagill@yahoo.com

## **PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CV-2017- |
| | ) |
| **CITY OF ELBA (CITY OF ELBA RECREATION DEPARTMENT), RICKY MULARZ, in his individual capacity, and Troy Cablevision, Inc.** | ) ) ) ) |
| | ) **JURY** |
| | ) **DEMAND** |
| | ) |
| **Defendant.** | ) |

### REQUEST FOR SERVICE BY CERTIFIED MAIL

Please serve the defendant(s):

City of Elba (Recreational Department)
Care of: Jack Mullinax, Elba City Clerk
200 Buford Street
Elba, AL 36323

Ricky Mularz
Care of: Jack Mullinax, Elba City Clerk
200 Buford Street
Elba, AL 36323

Troy Cablevision, Inc.
Care of: W. Har Freeman, Registered Agent
1006 S. Brundridge
Troy, Alabama 36081

by certified mail pursuant to Alabama Rules of Civil Procedure 4(i)(2) and Federal Rules of Civil Procedure 4(e)(1).

_____
Signature of Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2017 JUN 12 A 10:24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TIMOTHY WILLIAMS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) JURY DEMAND |
| CITY OF ELBA (CITY OF ELBA RECREATION DEPARTMENT), RICKY MULARZ, in his individual capacity, and TROY CABLEVISION, INC. | ) ) ) ) |
| Defendants. | ) |

### REQUEST FOR SERVICE BY CERTIFIED MAIL

Please serve the defendant(s):

City of Elba (City of Elba Recreation Department)
Care of: Jack Mullinax, Elba City Clerk
200 Buford Street
Elba, AL 36323

Ricky Mularz
Care of: Jack Mullinax, Elba City Clerk
200 Buford Street
Elba, AL 36323

Troy Cablevision
Care of W. Har Freeman, Registered Agent
1006 S. Brundridge
Troy, Alabama 36081

by certified mail pursuant to Alabama Rules of Civil Procedure 4(i)(2) and Federal Rules of Civil Procedure 4(e)(1).

_____
Signature of Attorney